Case 4:23-cv-01281   Document 31   Filed on 02/20/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL STERLING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01281 |
| | § | |
| DOLGENCORP OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, DOLGENCORP of Texas, Inc.'s (Dollar General), motion for summary judgment (Dkt. No. 17). The plaintiff, Carol Sterling, did not respond to Dollar General's summary judgment motion and has failed to submit a motion for continuance or sought leave to file a late response. After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED** .

### II.   FACTUAL BACKGROUND

This is a personal injury case arising out of an incident in Dollar General's Riverside, Texas store on March 30, 2022. Sterling tripped and fell due to items stacked on the floor which impaired access to one side of the store's aisle. She suffered injuries due to the fall.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A motion for summary judgment cannot be granted due to a party's failure to respond in opposition. *Hibernia Nat. Bank. v. Admin. Cent. Soc. Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). However, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014). "Unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

### IV. ANALYSIS & DISCUSSION

Dollar General treats as undisputed Sterling's assertion that she was an invitee on its property and the record supports this fact. In Texas, "an invitee-plaintiff must show that (1) a premises owner had actual or constructive knowledge, (2) of some unreasonably dangerous condition on the premises (3) but the owner did not exercise reasonable care to reduce or to eliminate the unreasonable risk of harm, (4) which proximately caused the plaintiff's personal injuries." *Pay and Save, Inc. v. Canales,* 691 S.W.3d 499, 502 (Tex. 2024) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)).

However, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin v. Kroger Texas, L.P.,* 465 S.W.3d 193, 204 (Tex. 2015). An exception to this general rule is where circumstances are such that "an otherwise 'adequate' warning or an invitee's knowledge of the danger was not sufficient to discharge the landowner's duty." *Id.* (citation omitted). Nevertheless, "the standalone fact that a condition caused an injury does not make it unreasonably dangerous." *Canales*, 691 S.W.3d at 502. The Texas Supreme Court has consistently held that common or innocuous hazards are not unreasonably dangerous as a matter of law." *Id.* There must be "sufficient evidence of prior accidents, injuries, complaints, reports, regulatory noncompliance, or some surrounding circumstance that transformed the condition into one measurably more likely to cause injury." *Id*. at 503.

In this case, the deposition testimony of the plaintiff shows that the items in the aisle that she tripped on were open, obvious, and known to her at the time of her fall. There is no allegation or evidence that supports categorizing the items stacked in the aisle to be more than

a common or innocuous hazard. Hence, the general rule applies. The plaintiff has failed to establish a case for premises liability as a matter of law.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on February 20, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge